IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $1,373,820.00 IN UNITED STATES CURRENCY, <br><br> DEFENDANT. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Nicholas L. Evert, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action against $1,373,820.00 in United States currency (the "Defendant Currency") seized at 1835 Hadfield Boulevard, Roswell, Georgia by the Roswell Police Department ("Roswell PD") on or about May 2, 2024 as proceeds of drug trafficking.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

1

3. This Court has in rem jurisdiction over the Defendant Currency pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

5. The Defendant Currency is presently being held in a secure account maintained by the United States Marshals Service.

## BASIS FOR FORFEITURE
### Relevant Statutes

6. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

7. The Defendant Currency is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that it constitutes or was derived from proceeds traceable to a violation of a "specified unlawful activity."

8. 18 U.S.C. § 1956(c)(7) defines, in relevant part, a "specified unlawful activity" as any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

9. 18 U.S.C. § 1961(1) includes, as part of the list of offenses, "dealing in

a controlled substance or listed chemical[.]"

## Factual Background

*Seizure of Defendant Currency*

10. On or about May 2, 2024, officers with Roswell PD responded to a residential burglary alarm at 1835 Hadfield Boulevard, Roswell, Georgia ("1835 Hadfield Boulevard"), which is in the Northern District of Georgia.

11. Upon arriving at 1835 Hadfield Boulevard, Roswell PD officers saw that the front door of the residence was open.

12. They entered the residence to check for intruders and signs of burglary.

13. Once inside the residence, they smelled the odor of marijuana.

14. While clearing the residence, they observed, *inter alia*, the following items in plain view: Two bongs, a substance believed to be marijuana shake, 100–200 baggies, multiple scales (with possible cocaine residue), a money counter, a small jar containing a white/clear powder (believed to be possible methamphetamine), bowls with white residue, grinders, multiple locked storage boxes, shrink wrap, and vacuum sealers. They did not encounter any persons inside the residence during the search.

15. Based on these observations, as well as his training and experience that such items located in a residence are indicative of drug trafficking, Roswell

PD Detective Yavtushenko applied for a warrant to search 1835 Hadfield Boulevard in the Magistrate Court of Fulton County, Georgia.

16. That same day, May 2, 2024, a Fulton County magistrate judge issued a search warrant for 1835 Hadfield Boulevard.

17. Roswell PD executed the search warrant the same day.

18. During the execution of the search warrant, law enforcement discovered various drug paraphernalia and the Defendant Currency.

19. Specifically, the residence at 1835 Hadfield Boulevard consists of three levels: A top floor, a main floor, and a basement.

20. In a bedroom on the top floor, Roswell PD found four plastic bags of suspected marijuana located inside of a Husky storage container. The suspected marijuana weighed 1,307.5 grams (including plastic bags) or 2.88 pounds. Roswell PD also found three additional plastic bags of suspected marijuana, weighing a total of 49.1 grams.

21. In a dresser drawer in the upstairs bedroom, Roswell PD also found a firearm, specifically, a Springfield model XD45, .45 ACP, with serial number US709972. There was one round in the chamber of the firearm and a magazine with an additional nine rounds.

22. The master bedroom is on the main floor. Attached to the master bedroom is a large walk-in closet with built-in shelves and dressers.

23. In one of the dressers in the master bedroom's closet, Roswell PD found and seized a quantity of United States currency (part of the Defendant Currency). An initial count of this currency indicated that it was $21,200.

24. In the basement, Roswell PD found a total of 16 plastic bags of suspected marijuana weighing a total of 7512.7 grams or 16.56 pounds (including plastic bags).

25. Roswell PD also found a money counter in the basement.

26. In a closet in the basement, there was a bookcase built into the wall. Detective Wells of Roswell PD observed that the bookcase appeared to be on a hinge. He suspected that the bookcase might be a door to a hidden room.

27. Detective Wells attempted to locate a latch to open the bookcase/door, but was unable to, so he kicked it. This revealed a hidden area containing three bags of United States Currency (the rest of the Defendant Currency). An initial count of the money in these bags indicated that there was $259,460 in one bag, $399,800 in the second bag, and $693,400 in the third bag. Roswell PD seized the currency. Below are true and accurate photographs of the Defendant Currency.



28.     Although the initial count of the seized currency was $1,373,860.00, a subsequent official count determined that the currency equaled $1,373,820.00.

29.     In addition to the above, Roswell PD found small quantities of other substances that appeared to be illegal narcotics throughout the house, including 5.6 grams of a substance with a presumptive positive field test for cocaine and

various substances that appeared to be THC[1] products.

30. At the time of the execution of the search warrant, no persons were at the residence.

31. Lukinte Lucas is listed as the owner of 1835 Hadfield Boulevard in Fulton County property records.

32. During the search, Roswell PD found numerous indicia that Lucas lived at 1835 Hadfield Boulevard, including multiple drivers' licenses with his name on them, his passport, and multiple documents (such as bills and financial records) with his name on them.

33. A review of Lucas's criminal history indicates that he has multiple convictions related to drug distribution.

*Administrative Proceedings*

34. The Drug Enforcement Administration (DEA) adopted the seizure of the Defendant Currency and initiated administrative forfeiture proceedings.

35. On July 8, 2024, DEA received administrative claims to the Defendant Currency from Joe S. Habachy, Esq. on behalf of Lukinte Lucas, Constance Lucas-Melson, and Michael McDonald. Each claimant asserted that he or she was "the lawful owner of some of all of the [Defendant Currency,]" and that to his or her

---

[1] THC (delta-9-tetrahydrocannabinol) is believed to be the main ingredient that produces the psychoactive effect of marijuana.

knowledge, "the subject property [was] not the proceeds of any unlawful activity, and was not used or acquired in any unlawful activity."

36. Lucas's address on the administrative claim was listed as 1835 Hadfield Blvd., Roswell, GA 30075 (the address where the Defendant Property was seized).

37. Lucas-Melson's address on the administrative claim was listed as 7433 Country Brook Court, Dayton, OH 45414.

38. McDonald's address on the administrative claim was listed as 241 Sandhurst Drive, Dayton, OH 45405.

39. Habachy's address on the administrative claim was listed as 44 Broad Street N.W., Suite 203, Atlanta, GA 30303.

40. After receiving these administrative claims, pursuant to 18 U.S.C. § 983(a)(3), DEA referred the matter to the U.S. Attorney's Office for the Northern District of Georgia for judicial forfeiture.

## FIRST CLAIM FOR FORFEITURE
## 21 U.S.C. § 881(a)(6)

41. The United States re-alleges and incorporates by reference Paragraphs 1 through 40 of this Verified Complaint for Forfeiture as if fully set forth herein.

42. Based on the foregoing, the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) on the grounds that

it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841.

## SECOND CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

43. The United States re-alleges and incorporates by reference Paragraphs 1 through 40 of this Verified Complaint for Forfeiture as if fully set forth herein.

44. The Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), because it constitutes or was derived from proceeds traceable to a specified unlawful activity, namely dealing in a controlled substance.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

(1) that the Court forfeit the Defendant Currency to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3)     that Plaintiff have such other and further relief as the Court deems just and proper under the facts and circumstances of this case.

This __4th__ day of October, 2024.

                            Respectfully submitted,

                            RYAN K. BUCHANAN
                              *United States Attorney*
                              *600 U.S. Courthouse*
                              *75 Ted Turner Drive SW*
                              *Atlanta, GA 30303*
                              *(404) 581-6000   fax (404) 581-6181*

                    /s/NICHOLAS L. EVERT
                              *Assistant United States Attorney*
                              Georgia Bar No. 693062
                              nicholas.evert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    v.<br><br>$1,373,820.00 IN UNITED STATES CURRENCY,<br><br>    DEFENDANT. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Mitchell G. Kiker, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __4th__ day of October, 2024.

_____
MITCHELL G. KIKER
Task Force Officer
U.S. Drug Enforcement Administration